UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY WEIR,<br><br>Defendant. | Case No. 2:18-CR-108-RSL<br><br>ORDER DENYING<br>DEFENDANT'S MOTION<br>TO DISMISS INDICTMENT |

This matter comes before the Court on defendant Anthony Weir's "Motion to Dismiss Indictment." Dkt. #35.

## **BACKGROUND**

On April 12, 2002, defendant was sentenced, following a guilty plea, to 210 months of imprisonment on two counts of Production of Child Pornography, see 18 U.S.C. §§ 2251(a), (d); id. at § 2256, one count of Transfer in Interstate Commerce of Obscene Matter to a Minor, see 18 U.S.C. § 1470, Coercion and Enticement of Minor, see 18 U.S.C. § 2422(b), one count of Possession of Child Pornography, see 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and one count of Forfeiture, see 18 U.S.C. § 2253(a). His sentence also included five years of supervised release. Dkt. #37-1 at 3–4. He began his period of supervision in October 2015.

On May 2, 2018, the grand jury returned an indictment against defendant, charging him with one count of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2). Dkt. #11. This count pertains to 23 images found on defendant's microSD card during a

ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT - 1

search conducted by the United States Probation Office on November 8, 2017. Dkt. #35 at 1. The Court has reviewed the images *in camera*. They depict pre-pubescent children. The children are fully or partially clothed in the photographs, and the genitalia is not discernable. Some of the photographs draw focus to the pubic region and are taken either in the bathroom or the bedroom. Defendant argues that the charging statute is void for vagueness, both on its face and as applied, that the charging statute is overbroad, and that the Court lacks subject matter jurisdiction.

## DISCUSSION

The statute imposes liability for visual depictions where "the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and … such visual depiction is of such conduct." 18 U.S.C. § 2252(a)(4)(B). "Sexually explicit conduct" is defined as actual or simulated "(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the anus,[1] genitals or pubic area of any person." Id. at § 2256(2)(A). The only portion at issue in this case is the lascivious exhibition of the genitals or pubic area of any person.

**A. Vagueness**

"A statute is void for vagueness if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, or if it invites arbitrary and discriminatory enforcement." United States v. Adams, 343 F.3d 1024, 1035 (9th Cir. 2003) (quoting Schwartzmiller v. Gardner, 752 F.2d 1341, 1345 (9th Cir. 1984)). The legislature must "establish minimal guidelines to govern law enforcement." Kolender v. Lawson, 461 U.S. 352,

---

[1] The statute was amended in 2018 to add the word, "anus." 18 U.S.C. § 2256(2)(A)(v). The amendment took effect on December 7, 2018. Some of the images produced do fall within that category. However, the indictment pertains to conduct "beginning on a date unknown but not later than in or about October 2015 and continuing until in or about March 2018." Dkt. #11 at 1. This definition is therefore not applicable to defendant. Peugh v. United States, 569 U.S. 530, 538 (2013) ("The Constitution prohibits both federal and state governments from enacting any '*ex post facto* Law.') (quoting U.S. CONST., Art. I, § 9, cl. 3).

ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT - 2

358 (1983) (quoting Smith v. Goguen, 415 U.S. 566, 574 (1974)). Where it fails to do so, "a criminal statute may permit "a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections."" Id. (quoting Smith, 415 U.S. at 575). Defendant argues that the statute is unconstitutionally vague both as a facial matter and as applied to him.

The Ninth Circuit has held that the term "lascivious" as used in the charging statute is not unconstitutionally vague. United States v. Wiegand, 812 F.2d 1239, 1244 (9th Cir. 1987); accord United States v. Adams, 343 F.3d 1024, 1036 (9th Cir. 2003). The Supreme Court, too, has rejected this constitutional challenge. United States v. X-Citement Video, Inc., 513 U.S. 64, 79 (1994) ("We regard [the] claim[] [that § 2256 is unconstitutionally vague] as insubstantial, and reject [it] for the reasons stated by the Court of Appeals in its opinion in this case."); see United States v. X-Citement Video, Inc., 982 F.2d 1285, 1288 (9th Cir. 1992), rev'd on other grounds, 513 U.S. 64 (1994). Courts in the Ninth Circuit look to the so-called Dost factors in determining whether a visual depiction of a minor constitutes a lascivious exhibition of the genitals or the pubic area:

1) Whether the focal point of the visual depiction is on the child's genitalia or pubic area;
2) Whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
3) Whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
4) Whether the child is fully or partially clothed, or nude;
5) Whether the visual depiction suggests coyness or a willingness to engage in a sexual activity;
6) Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

United States v. Overton, 573 F.3d 679, 686 (9th Cir. 2009) (citing United States v. Dost, 636 F. Supp. 828, 832 (S.D. Cal. 1986), aff'd sub nom. Wiegand, 812 F.2d 1239). The factors are "neither exclusive nor conclusive, but operate as merely 'a starting point' for determining whether a particular image is 'so presented by the photographer as to arouse or satisfy the sexual cravings of a voyeur.'" Id. (quoting United States v. Hill, 459 F.3d 966, 972 (9th Cir. 2006)). The charging statute is not facially unconstitutionally vague.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT - 3

Nor is the statute vague as applied in this case. Defendant merely asserts that, due to the vagueness inherent in the term "lascivious," he was not "on notice that the statute proscribed possessing the images he is charged with possessing." Dkt. #35 at 14. The Court has already found that the term "lascivious" is not unconstitutionally vague. There is no reason for defendant to not have been on notice that the images in his possession may have fallen within the statutory definition.[2]

"The question of whether the pictures fall within the statutory definition is a question of fact." Wiegand, 812 F.2d at 1244. Whether or not these images constitute depictions of "sexually explicit conduct," beyond a reasonable doubt, remains to be determined. See United States v. Sheldon, 755 F.3d 1047, 1051 (9th Cir. 2014). However, defendant is not entitled to the dismissal of the indictment on this ground. United States v. Williams, 553 U.S. 285, 306, 128 S. Ct. 1830, 1846 (2008) ("Close cases can be imagined under virtually any statute. The problem that poses is addressed, not by the doctrine of vagueness, but by the requirement of proof beyond a reasonable doubt.") (citing In re Winship, 397 U.S. 358, 363 (1970)); see United States v. Frabizio, 459 F.3d 80, 87–88 (1st Cir. 2006) ("The consequence of the district court's unqualified application of the Dost factors was to take the issue of the lasciviousness of the three images away from a jury… No other circuit court, as best we can tell, has ever approved the use of the Dost factors in a pretrial proceeding to remove the consideration of the lasciviousness of an image from a jury.").

**B. Overbreadth**

"The overbreadth doctrine prohibits the Government from banning unprotected speech if a substantial amount of protected speech is prohibited or chilled in the process." Ashcroft v. Free Speech Coal., 535 U.S. 234, 237 (2002) (citing Broadrick v. Oklahoma, 413 U.S. 601, 612 (1973)). "An overbroad law suffices to invalidate all enforcement of that law, until and unless a

---

[2] The Court also notes that, at the time of the search that uncovered defendant's possession of these images, see Ex. 1, Dkt. #40-1, defendant was on supervised release. Dkt. #37-1. The conditions of his release expressly included prohibitions regarding Internet access. Id.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT - 4

limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression." Adams, 343 F.3d at 1034 (internal citation and quotation marks omitted). Persons may attack overly broad statutes even though the "conduct of the person making the attack is clearly unprotected and could be proscribed by a law drawn with the requisite specificity." New York v. Ferber, 458 U.S. 747, 769 (1982). The overbreadth doctrine is "strong medicine" and is to be employed "with hesitation." Id.

Ferber considered an overbreadth challenge to a New York state statute that criminalized child pornography and defined "sexual conduct" as "actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals." Id. at 751. Finding it to be the "paradigmatic case of a state statute whose legitimate reach dwarfs its arguably impermissible applications," the Supreme Court held that the statute was not unconstitutionally overbroad." Id. at 773. The Ninth Circuit applied the same analysis to § 2256(2)(A) in Adams, holding that it was "legally indistinguishable" from the New York state statute at issue in Ferber. 343 F.3d at 1035; see Wiegand, 812 F.3d at 1243. The statute's application to protected speech, relative to the scope of the law's "plainly legitimate applications," is not substantial. Virginia v. Hicks, 539 U.S. 113, 119–20 (2003) (internal citations and quotation marks omitted); see Dkt. #35 at 17–19.

### C. Subject Matter Jurisdiction

The Court has jurisdiction over this action. Congress "did not exceed its Commerce Clause power is enacting 18 U.S.C. § 2252(a)(4)(B)." Adams, 343 F.3d at 1034; see United States v. Gallenardo, 579 F.3d 1076, 1081 (9th Cir. 2009) ("[I]t is rational to conclude that [the] intrastate possession of child pornography affect[s] interstate commerce.").

### D. Rule of Lenity

"The rule of lenity is applicable only where there is a grievous ambiguity or uncertainty in the language and structure of an Act, such that even after a court has seized everything from which aid can be derived, it is still left with an ambiguous statute." United States v. Bendtzen,

542 F.3d 722, 727–28 (9th Cir. 2008) (internal citation, quotation marks and alterations omitted). It is not applicable here. As discussed above, there is no ambiguity in the scope of the statute. <u>United States v. Yepez</u>, 704 F.3d 1087, 1103 (9th Cir. 2012).

### **CONCLUSION**

For all the foregoing reasons, defendant's motion is DENIED.

DATED this 19th day of July, 2019.

*[signature]*
Robert S. Lasnik
United States District Judge